WILL OF VALLEY: SMITS, Respondent, vs. VALLEY, Appellant.

*October 14—November 11, 1930.*

For the appellant there was a brief by *Smith & Smith* of De Pere, attorneys, and *Robert A. Kaftan* of Green Bay of counsel, and oral argument by *Herbert J. Smith.*

*Edward M. Goemans* of De Pere, for the respondent.

FAIRCHILD, J.    The findings of fact are as favorable to the mental competency of the deceased as could be made.    In the trial court's opinion he said of the deceased: "He was cared for all of his life by his parents or his sister; he did not have sufficient mentality to do any business; could not rent a house or collect rent; could not bargain for his services or collect wages except to take what was handed him; had no conception of the value of his property;" and recites that when told, he comprehended that he owned the house, recognized relatives; could do simple manual labor as directed; small errands; could speak and understand French and a few simple words in English, and continued: . . . "I agree . . . that testator did not have sufficient mental force, without prompting, to form a resolve, to make a will according to his wishes and carry the business through to completion; that if his property was large and complex and his obligations varied he could not make a valid will, and that this will emanated from Tom and Flora."

From the findings of fact made by the court supplemented by the opinion of the county judge we reach the conclusion that the deceased did not have sufficient capacity to comprehend sufficiently the condition of his property; his relation to the persons who were or might have been the objects of his bounty; and that he did not have an appreciation of the scope and bearing of the provisions of his will.

From the evidence in the case we must hold that the deceased ."did not have sufficient active memory to collect in his mind without prompting the particulars or elements of the business to be transacted and to hold them in his mind a sufficient length of time to perceive at least their obvious relations to each other and be able to form some rational judgment in relation to them." *Delafield v. Parish,* 25 N. Y. 9. The language just quoted has been repeatedly approved by this court as a measure of testamentary capacity. *Will of Blakely,* 48 Wis. 294, 300, 4 N. W. 337; *Will of Lewis,* 51 Wis. 101, 7 N. W. 829; *Will of Butler,* 110 Wis. 70, 85 N. W. 678; *Will of Downing,* 118 Wis. 581, 95 N. W. 876. While it is possible to find some reason for one of normal mental capacity making such a will as this, it seems to be conclusively established that neither the provisions of the will nor the substance of its provisions emanated from the mind of the testator, but, as said in *Will of Downing, supra,* "on the contrary, those provisions must have emanated from others, and, when stated to him or read to him, he, in his weakened and passive condition of mind, merely assented by nodding."

*By the Court.*—The judgment of the county court is reversed, and the cause remanded for further proceedings according to law. It is ordered that the taxable costs of both parties be paid out of the estate.